**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN LEO DAVIS, | No. 19-16070 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01084-SMB-CDB |
| v. | |
| PAUL PENZONE, Jail Commander, et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| MICHAEL, et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Arizona state pretrial detainee John Leo Davis appeals pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process and free speech violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Davis's Fourteenth Amendment due process claims arising from his conditions of confinement and a disciplinary proceeding because Davis failed to allege facts sufficient to state any plausible claims. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (setting forth elements of Fourteenth Amendment conditions of confinement claim by pretrial detainee); *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996) (pretrial detainees may be subjected to punishment for violations of prison rules or policies as long as they are provided a due process hearing); *see also Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979) (explaining that some losses of freedom of movement and choice are inherent discomforts of confinement, and not every disability imposed during pretrial detention "amounts to 'punishment' in the constitutional sense"); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (prison officials may refuse to call witnesses based on "irrelevance, lack of necessity, or the hazards presented in individual cases").

The district court properly dismissed Davis's First Amendment free speech claim arising from his loss of telephone privileges because Davis failed to allege

facts sufficient to state a plausible claim. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (explaining that restriction on telephone access did not violate pretrial detainee's free speech rights where it was rationally related to a legitimate governmental interest); *see also Bell*, 441 U.S. at 546 ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.").

We reject as meritless Davis's contentions that he was held to a higher standard as a pro se plaintiff, and that the district court improperly dismissed his claims because they were based on de minimis injuries.

We do not consider allegations raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

19-16070